UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eric Boone,

    Plaintiff,

v.

United States Department of Justice, et al.,

    Defendants.

_____/

Case No. 21-11366
District Judge Matthew F. Leitman
Magistrate Judge Jonathan J.C. Grey

## REPORT AND RECOMMENDATION ON THE DEFENDANTS' MOTION TO DISMISS (ECF No. 23)

Eric Boone, a federal prisoner, brought this complaint pro se against the United States Department of Justice (DOJ), the Federal Bureau of Prisons (BOP), and the Federal Correctional Institution of Milan, Michigan ("FCI Milan"). (ECF No. 2.) Further, Boone brought this *Bivens* action against Attorney General Merrick Garland, BOP Director Michael Carjaval, Warden Jonathan Hemingway, Counselor Chad Ellison, Case Manager Coordinator Matthew Burnett, and Case Manager Dominique Reeber-Romero, in their official and individual capacities. (*Id.*) Boone alleges violations of discrimination under the Americans with Disabilities Act (ADA) and the Affordable Care Act (ACA). (*Id.*) Further, Boone

alleges violations of his Fourth, Fifth, and Eighth Amendment rights, and deprivations of liberty and property under the Administrative Procedures Act (APA). (*Id.*)

On April 6, 2022, the defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment. (ECF No. 23.) They later filed a notice of intervening authority on June 8, 2022. (ECF No. 24.)

For the following reasons, the undersigned **RECOMMENDS** that the defendants' motion to dismiss be **GRANTED** and that Boone's claims be **DISMISSED**.

**I.     Background and Procedural Posture**

Boone filed this complaint on February 28, 2021,[1] stating the allegations that follow. Boone claims that the defendants denied him access to the courts and opened his legal mail out of his presence. (ECF No. 2.) Further, he claims that he was denied equal protection and procedural due process when he was denied placement at a halfway house for discriminatory purposes based on his disabilities. (*Id.*) Next, Boone claims he was deprived of his due process rights when he was sentenced to the segregated housing unit (SHU) twice for the same incident. (*Id.*) Finally, he alleges that he was not being provided with clean water for drinking and showering and that he often lacked hot water. (*Id.*) In a letter filing titled

---

[1] Boone filed an amended complaint on July 9, 2021. (ECF No. 2.)

2

"amendment to civil suit," Boone added allegations that Reeber-Romero retaliated against him for filing this suit. (ECF No. 15.) He additionally alleged that non-party officer Corsi assaulted and threatened Boone for offering to testify against Corsi in any grievance proceeding filed by another inmate. (*Id.*)

Boone seeks an injunction requiring FCI Milan to replace its old pipes; add a distress signal button in the SHU; sell bottles of water in the commissary; have the water frequently tested and the results reported to the Court; ordering Counselor Ellison to hand out the forms needed to exhaust administrative remedies when requested; and ordering Case Manager Reeber-Romero to adhere to the Second Chance Act and First Step Act and to place Boone in pre-release custody. (ECF No. 2.) He also seeks damages. (*Id.*) Further, in the letter filing, he seeks additional damages from officer Corsi. (ECF no. 15.) Corsi is not a party to this suit and has not been served. From that same letter filing, Boone seeks additional damages from the defendants. (*Id.*)

II.  **Legal Standard**

   **A. Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), the complaint must comply with Rule 8(a)(2), which requires a short and plain statement of a claim showing that the pleader is entitled to a judgment granting relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must illustrate the

3

grounds of their entitlement to relief with "more than labels and conclusions." *Id.* at 555 (citations omitted). Plain statements of the requirements for a legal claim will not do. *Id.* at 555 (citations omitted). In other words, the complaint must contain "sufficient factual matter" to create a plausible legal claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citations omitted). A claim is plausible when the plaintiff states facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged misconduct. *Id.* (citations omitted). Courts hold complaints written by pro se plaintiffs to a less stringent standard than ones drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even for pro se plaintiffs, "more than bare assertions of legal conclusions" is still required. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must give the plaintiff the benefit of the doubt and must accept all the plaintiff's allegations in the complaint as true. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

### B. Motion for Summary Judgment

If the movant can show that there are no genuine disputes over facts that are material to a claim and the movant is entitled to judgment according to the law on the facts, the Court will grant summary judgment. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of establishing that there are

no genuine disputes by pointing to specific portions of the pleadings, depositions, interrogatory answers, admissions, and affidavits for support. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The principal purpose of the summary judgment rule is to dispose of factually unsupported claims or defenses. *Id*. at 323–24. Once the moving party has met their burden, the non-moving party must provide evidence, through depositions, affidavits, admissions, and interrogatory answers, establishing that there is a genuine issue for trial. *Id*. The Court must view inferences drawn from the evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**C. Sovereign Immunity**

A plaintiff cannot sue the United States unless the United States allows it. This is the principle of sovereign immunity. *United States v. Lee*, 106 U.S. 196, 204 (1882). The United States may waive its sovereign immunity by consenting to a lawsuit. *United States v. City of Detroit*, 329 F.3d 515, 520 (6th Cir. 2003). To maintain a suit against the federal government, the plaintiff must show that the United States has waived its sovereign immunity. *Gaetano v. United States*, 994 F.3d 501, 509 (6th Cir. 2021) (citations omitted). Sovereign immunity extends to federal agencies like the DOJ and BOP and to federal officials in their official capacity. *FDIC v. Meyers*, 510 U.S. 471, 475 (1994).

Plaintiffs must show that the Court has the authority to hear their claims. *Gaetano*, 994 F.3d at 505 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). A claim of sovereign immunity challenges the court's authority, otherwise known as subject matter jurisdiction, to hear claims against the government. *Skidmore v. Access Group, Inc.*, 149 F. Supp. 3d 807, 809 (E.D. Mich. 2015) (citing *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)). A challenge to subject matter jurisdiction is properly raised by a Rule 12(b)(1) motion. *Id.* The court must consider a Rule 12(b)(1) motion before considering the Rule 12(b)(6) motion because the Rule 12(b)(6) challenge to the sufficiency of the complaint is unnecessary if the court lacks authority to hear the claims in the first place. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

An attack on subject matter jurisdiction may challenge the complaint as a whole, also known as facial attack, or an attack may challenge the facts in the complaint, also known as a factual attack. *Skidmore*, 149 F. Supp. 3d at 809 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). In a facial challenge, the court will accept the facts in the complaint as true and give the plaintiff the benefit of the doubt. *Id.* (quoting *Ritchie*, 15 F.3d at 598). A factual attack challenges the factual existence of the court's authority. When evaluating a factual challenge, the court does not have to accept the facts in the complaint and may

6

weigh the evidence to determine if subject matter jurisdiction exists. *Id.* (quoting *Ritchie*, 15 F.3d at 598). The defendants' motion to dismiss on sovereign immunity grounds is a facial challenge to Boone's complaint. Thus, the Court can decide the issue of sovereign immunity on the allegations in the complaint alone.

### III. Analysis

#### A. Sovereign Immunity

Boone has failed to establish a waiver of sovereign immunity for his damages claim against the agency defendants and the federal officers in their official capacities. This was his burden to meet. *See Gaetano*, 94 F.3d at 509. He does not point to any law that waives sovereign immunity for any of his damages claims. Boone states the basis for some of his claims are the ACA and ADA. However, he has cited no specific provisions of either statute granting waiver of sovereign immunity. Further he cites 5 U.S.C. § 702 of the APA. However, the APA does not grant a general waiver for all damages claims based on federal statutes. *See Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016). Rather, the APA grants limited waiver for certain claims for relief other than money damages. *Id.* (citing 5 U.S.C. § 702). The DOJ, the BOP, and the federal officials in their official capacity are immune from Boone's suit for civil damages. *See FDIC v. Meyers*, 510 U.S. at 475. Thus, the undersigned **RECOMMENDS** that the claims for damages against the agency defendants and

the federal officials in their official capacities be **DISMISSED WITHOUT PREJUDICE**.

### B. Bivens Action

Congress has not created explicit causes of action for violations of constitutional rights committed by federal agents. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). A cause of action allows a private party to sue another based on a violation of law. *Cause of Action*, Black's Law Dictionary (11th ed. 2019). Not all statutes or laws provide causes of action to private parties. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1974) ("the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person").

However, in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized an implied cause of action for violations of Fourth Amendment rights by federal agents during searches and seizures. The *Bivens* decision reasoned that damages had historically been regarded as the ordinary remedy for violation of personal interests in liberty. *Id.* at 395–96 (citations omitted). The Court found that it had the authority to award damages because it was "well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal

8

courts may use any available remedy to make good the wrong done." *Id*. (quoting *Bell v. Hood*, 327, U.S. 678, 684 (1984)).

The *Bivens* remedy was later applied in two other contexts. The remedy was applied to sex discrimination claims in violation of due process under the Fifth Amendment. *Davis v. Passman,* 442 U.S. 228 (1979). And the remedy was applied to claims of deliberate indifference to a prisoner's medical needs in violation of the Eighth Amendment. *Carlson v. Green*, 446 U.S. 14 (1980). These three cases, *Bivens*, *Davis*, and *Carlson*, are the only instances where the Court found a *Bivens* remedy applied.

Since the 1980s the Supreme Court has moved in a different direction. The Court in subsequent decisions has declined to entertain suits for damages against federal officials for violations of constitutional rights, absent an express cause of action from Congress, in any new context outside of those in *Bivens*, *Davis*, and *Carlson*. *Hernández v. Mesa* (*Hernández II*), 140 S. Ct. 735, 743 (2020) (collecting cases). A new context means any facts that are meaningfully different from *Bivens*, *Davis*, and *Carlson* regardless of whether the constitutional provisions invoked are the same. *Id.* Now, recognition of a *Bivens* action in a new context is "a disfavored judicial activity." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quotations omitted). The Court now considers implying a cause of action to be a purely legislative activity, which should almost always be left to Congress. *Id.* If there is

even "a single reason to defer to Congress," the court should refrain from extending the remedy. *Id*. The Court noted that this is true in almost every new context. *Id.* The Court has further noted that if *Bivens* been decided at the time of *Egbert*, it would decline to find an implied remedy. *Id.* at 1809.

If a court finds that the claims before it presents a new context, the court must then ask whether "special factors counsel[] hesitation" in implying a new cause of action. *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 524 (6th Cir. 2020) (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017)) (alteration in original). Those factors include whether existing legislation covers the issue or whether alternative remedial schemes exist. *Id.* (citations omitted). Further, the court must adhere to separation-of-powers principles and ask whether implying a cause of action interferes with the authority of the other branches. The court should also consider whether it is competent enough to weigh the costs and benefits of such a policy decision. *Id.* (citations omitted).

Almost all of Boone's claims present new contexts for a *Bivens* remedy. His due process claims allege impermissible restrictions on his access to the courts and improper sanctions issued without a hearing while in prison in violation of his Fifth Amendment Due Process rights. (ECF No. 2.) First, the undersigned notes that access to courts is guaranteed to prisoners by the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343

(1996)). There is no *Bivens* remedy available for First Amendment claims. *Egbert*, 142 S. Ct. at 1807 (foreclosing the availability of *Bivens* for First Amendment claims). The circumstances leading to Boone's due process claims are meaningfully different than the circumstances leading to the claim in *Davis*. There, the plaintiff alleged sex discrimination against a sitting member of Congress. 442 U.S. at 231. The undersigned finds that a sex discrimination employment case is meaningfully different to a prisoner due process case.

It is unclear which alleged violations affect Boone's Fourth Amendment rights as he was already convicted and serving his sentence at the time of the allegations. However, all of his claims are meaningfully different from *Bivens*. There, federal agents had allegedly entered and searched the plaintiff's home without a warrant. *Bivens*, 403 U.S. at 389. The agents further allegedly arrested plaintiff with excessive force and without probable cause. *Id.* None of Boone's allegations state similar facts as they all occurred in FCI Milan after Boone had already been convicted. (*See* ECF No. 2.)

Boone's claims of unsanitary prison conditions are also a new context. These claims could implicate an Eighth Amendment violation if the conditions are "shockingly unsanitary." *Taylor v. Riojas*, 141 S. Ct. 52, 53 (2020). However, these claims are meaningfully different than those of *Carlson*. There, prison officials refused and delayed treatment to a prisoner with chronic and serious

11

asthma, against the advice of treating physicians, leading to the prisoner's death. 446 U.S. at 16 n.1.

Boone has alleged refusal to provide medical treatment, which closely tracks the claims in *Carlson*. (ECF No. 2, PageID.16.) The specific facts here are different, but jurists in this district have determined that denying inmates treatment for serious medical needs is covered by *Carlson*, despite any factual distinctions. *Foreman v. United States*, No. 22-10401, 2022 WL 17826503, at *6 (E.D. Mich. Nov. 16, 2022), *R&R adopted*, 2023 WL 1991561 (E.D. Mich. Feb. 14, 2023). As shown below, whether or not Boone's case is afforded a *Bivens* remedy under *Carlson*, Boone has failed to plead facts sufficient to state a claim. The undersigned will assume without deciding for purposes of this recommendation that Boone's deliberate indifference claims are covered by *Carlson*.

A *Bivens* remedy should not be applied to any of the new contexts raised by Boone's allegations. As explained by *Callahan*, prior legislative action on prisoner litigation suggests that Congress prefers no damages remedy against federal officials violating prisoner rights. 965 F.3d at 524. Congress was acutely aware of prisoner constitutional claims when it considered and enacted the Prison Litigation Reform Act of 1995. *Id.* The act does not provide a standalone damages remedy. *Id.* This suggests that the Court should not extend a *Bivens* remedy to these new

12

contexts since Congress has likely already considered granting a remedy and failed to do so. *See id.*

Further, alternative remedies already exist through the federal prisoner grievance process. Alternative remedies do not have to be created by Congress to foreclose a *Bivens* remedy. *Id.* (citing *Minneci v. Pollard*, 565 U.S. 118, 126–31 (2012)). Those alternative remedies also do not have to provide complete relief or match a *Bivens* remedy. *Id.* (citations omitted). The federal prison grievance process is an available alternate remedy to a *Bivens* action counseling against extension. *Id.*

Finally, the Supreme Court's current view suggests that a *Bivens* remedy should almost never be extended to a new context. *See Egbert*, 142 S. Ct. 1793 at 1803. These factors provide some reasons to think that the Court should defer to Congress on the issue of remedies for Boone's alleged constitutional claims. If there is even "a single reason to defer to Congress," the Court should refrain from extending a *Bivens* remedy. *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022).

The undersigned **RECOMMENDS** that Boone's Fourth and Fifth Amendment claims and his claim of unsanitary conditions in violation of the Eighth Amendment be **DISMISSED WITH PREJUDICE** for failure to state a claim.

## C. Deliberate Indifference

The undersigned **RECOMMENDS** that Boone's claim for deliberate indifference to his medical needs be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

Eighth Amendment claims for failure to attend to a prisoner's medical needs have two components: an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the conditions alleged must present a substantial risk of serious harm. *Id*. Second, the prisoner must plead facts showing that the prison official has a sufficiently culpable state of mind, namely deliberate indifference. *Id*. This means that the prison official must have known of the excessive risk to the inmate and to have disregarded that risk anyway. *Id*. at 837.

Here, Boone has failed to meet both requirements for his Eighth Amendment claims for deliberate indifference to his medical needs. First, he does not state what his medical needs were, and the undersigned cannot determine if his needs were sufficiently serious from his complaint alone. Boone states, "I was sent AGAIN sent to the Segregated Housing Unit . . . [there,] I was starved, cold, denied medical attention (there is no 'sick call' in the SHU) and could not get an officer to assist me because there is no 'distress' button in the cell." (ECF No. No. 2, PageID.16.) He does not elaborate on what his medical needs were, in that

14

paragraph or elsewhere in his complaint.[2] Further, he also does not state which officers were deliberately indifferent to his medical needs. He never states nor provides any facts that any officer possessed the requisite state of mind to make his Eighth Amendment claim cognizable. (ECF No. 2.) With such limited facts, the Court and the defendants lack any notice as to what the claim entails or who the claims are against. Without stating facts to establish either prong, Boone has failed to state a claim for which relief can be granted. The undersigned **RECOMMENDS** that Boone's claim for deliberate indifference be **DISMISSED WITHOUT PREJUDICE**.

### D. Injunctive Relief

Boone requests injunctive relief ordering FCI Milan to replace its pipes, add a distress signal button to the SHU, sell bottled water in the commissary, and to have the water tested frequently and reported to the Court. (ECF No. 2, PageID.17.) Further, he wants an order issued to Ellison not to obstruct the administrative remedy process and to Reeber-Romero to place Boone in pre-release custody immediately. (*Id.*)

---

[2] Boone mentions in the letter titled "Amendment to Civil Suit" that he contracted COVID-19 but this was not stated in the context of his claim for deliberate indifference to his medical needs. (*See* ECF No. 15.) Rather, he noted his case of COVID-19 to establish damages for Reeber-Romero's alleged failure to send a referral to the halfway house in time.

As stated above, the APA does provide a limited waiver of sovereign immunity for certain claims for equitable relief. However, the undersigned will not address whether the APA applies because Boone is no longer housed at FCI Milan. (ECF No. 23, PageID.115.) He is now in a residential reentry center. (*Id.*) The undersigned has confirmed with the BOP inmate locator tool that Boone (Register Number 30189057) was released on September 22, 2022. *See* https://www.bop.gov/inmateloc. A prisoner's claim for declaratory or injunctive relief is moot once the prisoner is no longer housed in the facility where the alleged violations occurred. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Thus, Boone's claims for injunctive relief are moot, whether or not the APA grants a waiver for some of his claims.

Therefore, the undersigned **RECOMMENDS** that Boone's claims for injunctive relief be **DENIED AS MOOT**.

### IV. Conclusion

For the above reasons, the Court **RECOMMENDS** that the defendants' motion to dismiss (ECF No. 23) be **GRANTED**, and that Boone's claims be **DISMISSED**.

Dated: February 28, 2023

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must precisely specify the provision of this Report and Recommendation objected to. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 28, 2023.

<u>s/ **J. Owens**</u>
Julie Owens
Case Manager